UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No.:

CR Associates L.P.,                            )
    Plaintiff                  )
           )
v.                                             )
           )
Selfstorage.com, LLC,                          )
Argus Self Storage Sales Network, Inc., and    )
Sparefoot, Inc.,                               )
           )
    Defendants.                )

## COMPLAINT

1. This is an action for false advertising, false designation of origin, and unfair competition under federal statute and Massachusetts common law, as well as violation of Mass. Gen. Laws c. 93A, § 11.

2. Subject matter jurisdiction is proper pursuant to 28 U.S.C. §1331 (federal question), 28 U.S.C. §1332 (diversity of citizenship), and 28 U.S.C. §1367 (supplemental).

3. Plaintiff CR Associates L.P. is a limited partnership organized under the laws of Rhode Island. Plaintiff does business as Cross Road Storage with a principal place of business at 50 Cross Road, North Dartmouth, Massachusetts. Cross Road Storage is a self-storage facility.

4. Plaintiff has used the name Cross Road Storage since 2003 and has spent large sums of money in branding and marketing that name. Efforts have included, but are not limited to, paid advertisements in the Yellow Pages from June 2003 to present; installation and maintenance of a pylon sign overlooking a busy intersection; website development and maintenance from April 2005 to present; miscellaneous print marketing; attendance at trade shows; and the purchase and maintenance of a box truck with "Cross Road Storage" emblazoned on its sides that is provided for customer use upon move in.

1

5. Defendant Selfstorage.com, LLC is a limited liability company organized under the laws of Colorado with a principal place of business in Littleton, Colorado. Defendant Selfstorage.com, LLC owns the URL (website address) "selfstorage.com."

6. Defendant Argus Self Storage Sales Network, Inc. is a corporation organized under the laws of Colorado with a principal place of business in Aurora, Colorado. Benjamin Vestal is President of Defendant Argus. Defendant Argus owns Selfstorage.com, LLC.

7. Defendant Sparefoot, Inc. is a corporation organized under the laws of Delaware with a principal place of business in Austin, Texas. Its Chief Executive Officer is Chuck Gordon. Defendant Sparefoot, Inc. owns the URL "sparefoot.com."

8. Per records of the Colorado Secretary of State, Defendant Selfstorage.com, LLC has entered into a licensing agreement with Defendant Sparefoot, Inc. such that the URL "selfstorage.com" is licensed to Defendant Sparefoot, Inc.

9. Defendants develop and operate an online marketplace for self-storage units in the United States, providing web marketing solutions for self-storage facilities with which they contract. Defendants operate and maintain at least two websites, sparefoot.com and selfstorage.com, that allow users to find and compare self-storage facilities, view photos, read customer reviews, and make online reservations with contracted facilities. As their fee, Defendants currently charge a minimum of 1.3x one month's rent for each confirmed move-in that is referred.

10. Plaintiff owns, operates, and maintains its own website (crossroadstorage.com) that provides information regarding, among other things, its services and rental rates.

11. Plaintiff has no contract with any of the Defendants.

12. Defendants attract internet traffic (and potential consumers) to their websites by way of Google searches for self-storage facilities.

13. Google's search algorithms are proprietary, but its search results populate, in part, based on the content of a website (keywords), its relevance, and its URL.

14. Plaintiff's website has developed a solid reputation for containing relevant information over a long period of time such that it appears very high in Google searches for self-storage facilities in its geographic area.

15. Defendants engage and have engaged in search engine optimization ("SEO"), which consists of the process and methods of optimizing their websites so that they appear as high as possible in Google search results.

16. One of the SEO methods sparefoot.com has employed is to insert "Cross-Road-Storage" into its URL. Ex. A.

> Cross Road Storage | 50 Cross Rd, North Dartmouth, MA | SpareFoot
> https://www.sparefoot.com/North...MA-self-storage/Cross-Road-Storage-126981.html ▼
> View prices on available storage units at Cross Road Storage on 50 Cross Rd, North Dartmouth, I
> 02747.

17. Using "Cross-Road-Storage" in its URL, the sparefoot.com website populates on the first page of Google search results.

18. The sparefoot.com URL that contained "Cross-Road-Storage" stated below it "View prices on available storage units at Cross Road Storage on 50 Cross Rd, North Dartmouth, MA 02747." Ex. A.

19. When clicked on, however, the sparefoot.com website states "Facility Unavailable" and provides links to Plaintiff's competitors that have contracted with Defendant. Ex. B.

Facility Unavailable



20. Another SEO method Defendants have employed is to use the name "Cross Road Storage" in the title of their Google link.

21. Defendants' link contains the title "Cross Road Storage – North Dartmouth, MA – SelfStorage.com." Ex. C.

> **Cross Road Storage - North Dartmouth, MA - SelfStorage.com®**
> https://www.**selfstorage**.com/self-**storage**/.../**north-dartmouth**/.../**cross-road-storage-12**...  ▾
> Use SelfStorage.com® to get information about Cross Road Storage located at 50 Cross Rd, **North Dartmouth**, MA 02747. ... Photo of CubeSmart **Self** Storage ...

22. The selfstorage.com link states below it "Use SelfStorage.com® to get information about Cross Road Storage located at 50 Cross Rd, North Dartmouth, MA 02747. . ." When clicked on, however, Defendants' website states "The facility you were looking for was not found. Try these nearby

4

facilities" and provides links to Plaintiff's competitors that have contracted with Defendant. Ex. D.



23. Defendants' use of Plaintiff's "Cross Road Storage" mark in its bait and switch advertising causes confusion by indicating that it will provide pricing and information for Cross Road Storage's services but, instead, diverts consumers from Plaintiff's services in favor of self-storage facilities with which Defendants have contracted.

## COUNT I
False Advertising, False Designation of Origin under 15 U.S.C. § 1125(a)(1)(A)

24. Plaintiff repeats and incorporates by reference all preceding paragraphs as if fully stated herein.

25. Plaintiff's mark "Cross Road Storage" has been in use since 2003 and, being the subject of significant marketing and promotion, functions as a source-identifier of its services.

26. Defendants' use of the Cross Road Storage mark is likely to cause confusion and mistake. Such use by Defendants has deceived and is likely to deceive others into believing the Defendants will provide information relating to Plaintiff's services, but instead directs consumers to Plaintiff's competitors.

27. Defendants' actions have damaged and continue to damage Plaintiff's rights, reputation, and good will.

28. Defendants have profited from their wrongful conduct.

## COUNT II
### Unfair Competition under 15 U.S.C. § 1125(a)(1)(B)

29. Plaintiff repeats and incorporates by reference all preceding paragraphs as if fully stated herein.

30. Defendants' use of Plaintiff's mark misrepresents the nature, characteristics, and qualities of Plaintiff's services.

31. Defendants' links falsely state that they will provide information regarding Plaintiff's services but, instead, provide information for Plaintiff's competitors.

32. Defendants' actions have damaged and continue to damage Plaintiff's rights, reputation, and good will.

33. Defendants have profited from their wrongful conduct.

## COUNT III
### False Advertising, False Designation of Origin under Massachusetts Common Law

34. Plaintiff repeats and incorporates by reference all preceding paragraphs as if fully stated herein.

35. Plaintiff's mark "Cross Road Storage" has been in use in Massachusetts since 2003 and, being the subject of significant marketing and promotion, functions as a source-identifier of its services.

36. Defendants' use of the Cross Road Storage mark is likely to cause confusion and mistake. Such use by Defendants has deceived and is likely to deceive others into believing Defendants will provide information relating to Plaintiff's services, but instead directs consumers to Plaintiff's competitors.

37. Defendants' actions have damaged and continue to damage Plaintiff's rights, reputation, and good will.

38. Defendants have profited from their wrongful conduct.

## COUNT IV
### Unfair Competition under Massachusetts Common Law

39. Plaintiff repeats and incorporates by reference all preceding paragraphs as if fully stated herein.

40. Defendants' use of Plaintiff's mark misrepresents the nature, characteristics, and qualities of Plaintiff's services.

41. Defendants' links falsely state that they will provide information regarding Plaintiff's services but, instead, provide information for Plaintiff's competitors.

42. Defendants' actions have damaged and continue to damage Plaintiff's rights, reputation, and good will.

43. Defendants have profited from their use of Plaintiff's mark.

COUNT V
Violation of Mass. Gen. Laws ch. 93A

44. Plaintiff repeats and incorporates by reference all preceding paragraphs as if fully stated herein.

45. Defendants' conduct takes place in trade or commerce.

46. Defendants' conduct, as described above, is unfair and deceptive in violation of Mass. Gen. Laws c. 93A.

47. Defendants' conduct has been and is knowing and willful.

48. Defendants' conduct has damaged and continues to damage Plaintiff's rights, reputation, and good will causing the loss of money.

49. Defendants have profited from their wrongful conduct.


WHEREFORE, Plaintiff hereby requests the following relief:

a. That judgment enter for Plaintiff as to all counts;
b. That Plaintiff be awarded compensatory damages;
c. That Plaintiff be awarded costs;
d. That Plaintiff be awarded interest;
e. That Plaintiff be awarded double or treble damages;
f. That Plaintiff be awarded attorney's fees;

d.  That Plaintiff be awarded interest;
e.  That Plaintiff be awarded double or treble damages;
f.  That Plaintiff be awarded attorney's fees;
g.  That Plaintiff be awarded appropriate preliminary and permanent injunctive relief; and
h.  That this Court order such other relief as it deems meet and just.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

PLAINTIFF,
By its Attorneys
BEAUREGARD, BURKE & FRANCO


/s/ Philip N. Beauregard
PHILIP N. BEAUREGARD, BBO# 034870
32 William Street
New Bedford, MA 02740
Tel. No.: 508-993-0333

Dated: 3/31/2017